**STATE, Plaintiff-Appellee, v. WALHENMAIER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3802. Decided June 21, 1945.

Ralph J. Bartlett, Pros. Atty., and Forrest F. Smith, Asst. Pros. Atty., Columbus, for plaintiff-appellee.

Howard H. Gillard, Columbus, for defendant-appellant.

## OPINION

**BY THE COURT:**

William Walhenmaier, the defendant, was indicted by the Franklin County Grand Jury on the charge of sodomy, and a jury having been waived, was tried by the Court, found guilty and sentenced to the Ohio State Penitentiary.

A motion for new trial for seasonably filed, argued and overruled.

Briefly, the errors assigned are that the verdict and judgment were manifestly against the weight of the evidence, and that the Court erred in the admission of certain testimony.

The evidence discloses that William Walhenmaier, the defendant, was engaged in the business of salvaging commercial containers, which business he operated from his residence at 40 South Mill Street, Columbus, Ohio. He testified that he made a practice of having small boys in the neighborhood help him, paying them small sums of money. Among these boys was the prosecuting witness, Paul Baker.

Mrs. Mildred Slagle, who lived just across the street from the defendant's place of business, testified that about 1:00 o'clock P. M. on August 24, 1944, she saw the defendant take Paul Baker into his living quarters and into the back of the

house and saw him look out of the window. After the expiration of approximately five minutes the defendant and Paul came out of the house. This information was conveyed to Paul Baker's parents, who took him to Dr. Lester Seligson for a physical examination. Dr. Seligson was called as a witness and testified that he made a rectal examination and found signs of "trauma" or "irritation". A Wassermann test was given to the boy ad the result was positive, indicating that the boy had contracted syphilis. Wasserman tests of both of the parents of the boy were found to be negative for syphilis. A similar test was given to the defendant and the result was found to be positive. Paul Baker, eight years of age, was called as a witness and testified that on August 24, 1944, the defendant had carnal relations with him by means of the rectum, and that the same thing had occurred on other occasions, and that the defendant would give him "a nickel and sometimes a dime and sometimes a quarter".

Counsel for the defendant is contending that the Court erred in receiving and considering hearsay evidence by Dr. Seligson. Dr. Seligson was called on behalf of the State, and on direct examination he testified as to the physical examination given to the boy and what his findings were. The defendant then upon cross-examination questioned the Doctor as to what might have caused the traumatic condition which he found. It was during the course of this cross-examination that the Doctor testified that he learned the history of the case.

We find no error in the record where the Doctor testified as to any statements that had been made to him, other than the history, which clearly is not a violation of the hearsay rule. All of the Doctor's testimony was the result of his own personal examination plus his opinion as to what other causes could have produced the traumatic condition.

The defendant argues that there was no proof of penetration presented. The testimony of Paul Baker certainly controverts that statement, for he said that there was penetration, and he was further corroborated by the results of the physical examination.

After carefully examining the entire record, we are of the opinion that the trial court was correct in finding the defendant guilty. The judgment of the trial Court is affirmed. and cause ordered remanded.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.